*1530 The opinion of the court was delivered by
Breaux, J.
The case is before us on the appeal of a mortgage creditor of the succession from, a judgment allowing commissions to the administratrix, and a fee to her attorneys, his defense being that he, as mortgage creditor, should not be condemned to pay these charges. The facts are, that:
Mrs. Christopher V. Ilaile, widow of O. V. Haile, obtained letters of administration on February 1st, 1899, on a petition for the administration of the succession, alleging that the real estate inventoried was mortgaged for thirty-two thousand six hundred dollars, with interest, subject to a stated credit, and that there were no funds out of which to pay the debts. An order dated February 3rd, 1899, was issued by one of the divisions of the district court directing a sale of all the property of the succession to pay its debts. Under this order the property of the succession was advertised and sold. Nearly all the immovable property of the succession sold at this sale was adjudicated to the appellant and the aggregate amount of the sales of the different properties under this order was less than the amount of his mortgage.
On January 16th, 1899, the same day the notice of demand under the writ of seizure and sale was served, appellant sued to foreclose his mortgage via ejecutiva. No notice of the order of seizure and sale was given for the reason that the administratrix had not qualified in that capacity. On the 19th day of January, 1899, the administratrix having on that day taken out letters of administration, notice of demand of payment was addressed by the clerk of court to the administratrix, and on the third day of February following it was duly served. On February 3rd, a notice of seizure in the executory proceedings sued for by the appellant was duly served upon the administratrix.
On February 16th, McLellan, appellant here, took a rule upon the administratrix setting out that under a writ of executory process taken out in Division 0 of the district court, the property had been seized by the sheriff; that the order to sell the property to pay the debts granted in the probata proceedings in Division A of the court was granted after the order of seizure and sale, and that it was improperly granted. The trial of this rule went over until March 10th. On the trial of this rule on that day, the evidence shows that the petition for executory process was filed on the day before mentioned, and that the notice of seizure was served as before stated. It also appears that the property was ad *1531 vertised to be sold under the writ on the 23rd day of March, 1899. The judge of the district court held that no notice of seizure had been given; that the seizure was without legal effect. He .rescinded the order nisi which he had granted on the rule to show cause, and dismissed the rule. On the same day, after a very short time had elapsed, the property was offered for sale by the auctioneer. The administratrix, thereafter, filed a final account and tableau of distribution in which she charged herself with the proceeds of the real estate and other items and credited the estate with the amount to be paid, and among them the amount of appellant’s mortgage. The opponent, appellant here, filed a petition of opposition to this account in which he included a full statement of the amount due on his mortgage, and opposed every privilege placed upon the account in so far as it was proposed to pay these privileges upon the property mortgaged. He averred that he promptly applied for the sale of the mortgaged property under executory process for the purpose of preventing the proceeds of the mortgage in his favor from being burdened with the privileges and charges of administration, and also stated by way of opposition that the court held that the privilege in question should be paid from the proceeds of sale of the mortgage property. He then opposed the' following law charges as being excessive and illegal:
Advertising and expenses as per the auctioneer’s return.....$ 756.70
Administratrix’s commission ............................ 1005.21
Fee of attorney ........................................ 1674.21
The opposition to the first item is abandoned. The remaining issue is whether or not the mortgage creditor shall pay from the proceeds of the mortgaged property the second and third items just stated. Appellant chose to be present at the sale by public auction and to become the adjudicatee of the property mortgaged. * He did not object to the judgment on the rule, but remained entirely silent as relates to it until the account and tableau were filed, and then, for the first time, the objection before stated to two of the items was presented. Appellant seeks to meet the position that he had virtually abandoned all recourse under his writ of seizure and sale by appearing at the sale, and buying the property mortgaged, by urging that the rule having been decided when the sale was about to be made, he either had to protect himself by bidding at the sale or take the chances of having the property sacrificed at his expense. This being the position of the appellant, let rt: briefly *1532 consider the position in which the administratrix and appellee was. Tlie proceedings, at her instance, were sufficiently regular, and in the District Court, where the rule was issued to set them aside on the ground that a seizure had been made in the executory proceedings, the administratrix appeared in an answer setting out that a sale should be effected under the order which she had obtained for its sale. We have seen that the judgment sustained the defense made. At the time appointed for the sale, she could not do less than to sell, especially as the opponent did not interpose thd( least objection after the judgment in the District Court had been rendered. It is useless now to discuss the steps that might have been taken by defendant in rule, appellant here. In any event enough should have been done by way of injunction, opposition or appeal to let it be known that he did not propose to accept the judgment on the rule as correct. It became necessary for him to determine under which order he would seek to protect his interests. He elected to act and bid under the order of the probate court ordering the sale of the property. It does seem that he is thereby concluded. Appellant avers that the only limitation or restriction upon his right was (possible neglect and delay in enforcing it and that any ordinary court may grant an order of seizure and sale against property specially mortgaged in an administratrix’s hands. This rendered it the more necessary and important to stand by the seizure and sale, and not abandon it and become a buyer under the order to sell for the payment of the succession debts. That he did not have the time necessary, is not made evident by the testimony. It does not appear to us that it would have taken much time to arrest the sale after the judgment in question had been rendered in the District Court, and compel obedience to the writ of seizure and sale. Appellant has accepted the proceeds of the sale without urging the least objection and he is, we think, thereby concluded from raising the issues he here seeks to have sustained. One who deliberately abandons a position under the circumstances of this ease for another which he now contends was not tenable, in opposition to the rights of which he was the holder, cannot afterwards sustain the ground that he should not be'made to pay the commissions and fees that he would not have had to pay had he persisted in foreclosing his mortgage. Furthermore, on another ground: Our examination has not led us to the conclusion that appellant had the right (in view of the irregularity of his proceeding), to *1533 hare annulled the order of sale by the administratrix. The proceeding was not regular. The writ upon which appellant grounded his right to annul the probate order of sale and to proceed with the sale was issued at the same time as the notice of demand. They were simultaneously placed in the hands of the sheriff. This practice does not seem to have, received the sanction of this court. It appears from the meaning of the Code of Practice, as interpreted heretofore by this court, that notice of demand of payment, or notice of judgment in executory proceedings must be issued by the clerk and duly served before placing the writ of seizure and sale in the hands of the sheriff for execution. It must be borne in mind that the questions raised do not relate to a sale made under a writ. Prior to the sale, when one undertakes to foreclose his mortgage, it does appear from the Code of Practice, and the decisions pertaining thereto, that a notice of demand should be served, returned, and three days elapse before placing the writ of seizure and sale in the hands of the sheriff for execution. The syllabus in Billgery vs. Ferguson, 30th Ann., 84, brings out clearly the point decided in the opinion. “A writ of seizure and salé cannot legally issue, until three days after notice of the decree of court granting the writ has been served on the debtor.” The court, in its opinion, cites Hart and Hebert in Liquidation vs. Pike Bros., 29th Ann., 262. In another case the syllabus reads: “The object of the notice is to accord a delay to the debtor before issuing the writ to enable him to appeal or protect his rights by any other mode.” (Italics ours.) The Code, under this interpretation, requires three days’ notice to the debtor, service and “a return of the original with his report.” C. P. 736. We think that good practice requires adherence to prior decisions requiring service and delay as -just stated.
The complaint directed against, the administratrix as to the amount of her claim is completely met by referring to the law, which allows 2 1-2 per cent, on the amount of inventory, bad debts deducted. The amount of administratrix’s commission is sustained by Art. 1069 C. C. This brings us to a consideration of the amount charged as attorney’s fee.
With reference to the' fee of attorney, it is alleged that it is excessive. Under the principles laid clown in,'the Succession of Rabasse, 51st Ann., 590, and in Succession of Richards, 49th Ann., 1115, the court examined the pleadings and considered the value of the services Which the court *1534 fixes at 2 1-2 per cent, on the amount of the inventory, viz: one thousand one hundred and five dollars and thirty-six cents.
The administratrix carried an amount on her account as administratrix of one hundred and fifty-three 74-100 dollars, due to L. P. Larose. The judge of the District Court decided that this was an ordinary and not a privileged debt. Larose appealed from the decision. On appeal all the parties in interest consent to let this claim remain on the account with privilege as carried on the account. To this extent the judgment appealed from must be amended.
Eor reasons assigned, the judgment of the district court is affirmed, except as to the one hundred and fifty-three 74-100 dollars before mentioned.
It is ordered, adjudged and decreed as to this amount that it is secured as to its payment by privilege on the account of administration with rank as- set forth on said account. The fee of attorney is reduced to .one thousand one hundred and five dollars and thirty-six cents, secured by privilege. This amendment is made at the cost of appellee.
Rehearing refused.
Monroe, J.: “I dissent.”